**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **WILBERT MCKREITH,** | ) | **CASE NO. 7:19CV00363** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES,** | ) | **By:  Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Plaintiff Wilbert McKreith, a federal inmate proceeding pro se, brings this civil action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., based on officials' alleged negligence causing him to be punished without due process for six days while he was confined at the United States Penitentiary in Lee County, Virginia ("USP Lee").  After review of the record, the court concludes that the defendant's motion to dismiss must granted.

I.

Liberally construed, McKreith's submissions offer the following sequence of events related to his FTCA claims.[1]  On January 31, 2018, Federal Bureau of Prisons ("BOP") officers removed McKreith from his cell after a report that it was not in compliance with sanitation requirements.   During a subsequent search, officers claimed to have discovered a weapon constructed of a government-issued "sock and shampoo bottles with a piece of a t-shirt tied around it."  Pl.'s Resp. Exhibits, ECF No. 20-2.  Based on this discovery, officers wrote an incident report charging McKreith with a disciplinary infraction for destroying government property that was issued to him without defect.  In response to this purported misconduct, the

---

[1]  McKreith initially titled his pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, but the only relief he requested was monetary damages.  After the court notified him of this problem, he filed two overlapping, amended complaints concerning his FTCA claim, ECF Nos. 8, 9.  This summary of relevant events and allegations is taken from McKreith's amended complaints, his response to the motion to dismiss, ECF No. 20, and attachments thereto.

warden authorized staff to clothe McKreith in paper clothing for six days.[2]   In a separate memorandum, the warden approved a request from the chief psychologist and other administrators for authorization to issue McKreith only paper clothing and linens for six days, because he had destroyed his sheets and clothing items.   This memorandum stated, in pertinent part, that because of McKreith's continued destruction of his government-issued bedding and clothing, after repeated warnings, officers were approved to place him

> on paper clothing and bedding status for a period not to exceed six (6) days, starting: 1-31-18 through 2-7-18.   This status will be reviewed every 3 days. . . .   After 6 days, the inmate is removed from the alternate clothing/linen status, or, if necessary a new authorization is generated.   Inmates must be offered a change of clothing daily and the clothing must be adequate to the temperatures in the SHU.

Id. at 2.

When officers informed McKreith that because of the weapon found in his cell, he would be issued only paper clothing and bedding for six days, he threatened to kill himself.   See gen. id. at 8-10.   After a mental health professional interviewed McKreith, that individual recommended that he "be placed on suicide watch for increased safety, given he became highly agitated throughout the contact and continued to verbalize[ ] intentions of self-harm."   Id. at 10. McKreith also states that he was issued only paper clothing for six days.

In the fall of 2018, McKreith filed a tort claim with the BOP.   McKreith alleged that on January 31, 2018, BOP staff members made false statements about his behavior that caused him to be placed "on paper clothing and bedding status for six days without due process," although he "DID no wrong."   Id. at 12.   McKreith asserted that these events caused him personal injury because "[his] body was subjected to six-days of paper clothing and lost [sic] of the use[ ] of personal property."   Id.   McKreith sought $50,000 in monetary compensation for his tort claim.

---

[2]   BOP Program Statement 5270.11 authorizes the use of paper bedding and/or clothing after an inmate alters, destroys, or uses issued clothing or linens in a manner that poses a threat to safety, security, or the good order of the SHU or to himself, other inmates, or staff.

In a letter dated April 1, 2019, BOP Regional Counsel issued a denial letter, stating: "An investigation into your claim failed to reveal that you suffered a compensable personal injury due to the negligence of a government employee acting within the scope of employment." Id. at 15.

McKreith's amended FTCA complaint alleges that various BOP employees falsely accused him of destroying government-issued property, using a stock photograph of a weapon formed with a sock, parts of a tee-shirt, and shampoo bottles.  As relief, McKreith seeks monetary damages for BOP employees' "willful[ ] . . . false statements," BOP policy violations, and "hoaxes" that caused him to be sanctioned without due process.  Am. Compl. 4, ECF No 8. Specifically, he claims that he "was subjected to six (6) days of paper clothing (without any change of clothing) and los[s] of the use of personal property." Id. at 9.  McKreith also claims that the BOP employees' falsities caused him to be "place[d] on suicide watch for the mind and mental stress break down cause[d] by the false incident report," during which he suffered "sleeplessness, anxiety, stress and humiliation for the false report."  Am. Compl. 3, 4, ECF No. 9.

The defendant, the United States, has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of jurisdiction.  Specifically, the defendant argues that McKreith's FTCA claims are barred under 28 U.S.C. § 1346(b)(1), because he has not alleged any personal physical injury resulting from the BOP employees' alleged negligence and false accusations.  McKreith has responded to the motion, making the matter ripe for disposition.

## II.

Under Rule 12(b)(1), the plaintiff bears the burden of establishing federal jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  When a Rule 12(b)(1) motion attacks the complaint as failing to state facts

upon which subject matter jurisdiction may be based, the court assumes that the facts in the complaint are true.  Kerns, 585 F.3d at 192.

The United States is immune from suit except in the narrow circumstances where it has waived that immunity.  FDIC v. Meyer, 510 U.S. 471, 475–76 (1994).  The FTCA, as amended by the Prison Litigation Reform Act, issues a limited waiver of the United States' immunity for the type of claim McKreith is apparently asserting here—

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).

The FTCA expressly precludes, however, inmate tort actions against the United States for "mental or emotional injury . . . without a prior showing of physical injury."  28 U.S.C. § 1346(b)(2).  "Although the FTCA does not define 'physical injury,' courts have held that the 'physical injury' need not be significant, but it must be more than de minimis."  Jones v. FCI Beckley Med. Employees, No. 5:11-CV-00530, 2014 WL 1333211, at *8 (S.D.W. Va. Apr. 1, 2014) (citations omitted).  Where a plaintiff does not allege any physical injury that he suffered because of the alleged official negligence or misconduct, he fails to state any claim actionable under the FTCA.  See, e.g., Wilkerson v. United States, No. 5:10-CT-3141-D, 2012 WL 293366, at *2 (E.D.N.C. Jan. 31, 2012) (finding insufficient evidence for FTCA claim where plaintiff alleged "he suffered unnecessary humiliation and indignity in front of female prison staff, and in front of inmates in general"); Rogers v. United States, 696 F. Supp. 2d 472, 504 (W.D. Pa. 2010) (dismissing FTCA claim for failure to allege negligence-caused physical injury); Michtavi v. United States, 345 F. App'x 727, 730 (3d Cir. 2009) (where plaintiff "never alleged a physical

4

injury or symptom of any kind," no actionable FTCA claim stated); <u>Glover–Bryant v. Uptagraft</u>, No. 09–CV–134–JMH, 2009 WL 2877149, at *1, 67 (E.D. Ky. Sept. 2, 2009) (rejecting FTCA claim for visual strip search, stating "it is damages for just such invisible injuries which Congress has chosen to preclude in prisoner lawsuits"); <u>Sypert v. United States</u>, 559 F. Supp. 546, 548 (D.D.C. 1983) (rejecting FTCA claim for exposure to active tuberculosis, where inmate never developed disease, stating that he does not satisfy physical injury requirement and cannot recover FTCA damages for negligently caused mental anguish about the possibility of getting disease).

As indicated, the United States asserts that McKreith's FTCA claim must be dismissed because his pleadings do not allege that he suffered any physical injury as a result of the alleged negligence or wrongful conduct by BOP employees in January and February 2018. The court must agree. At the most, McKreith's tort claim to the BOP alleged that he was required to wear paper clothing for six days and temporarily lost the use of his personal property during that time. He does not claim that these undesirable conditions caused him any personal physical harm whatsoever or that he lost any property item on a permanent basis. In his amended complaint, McKreith also complains that his reaction to the allegedly false accusations caused him to be placed on suicide watch for an unspecified period under unspecified conditions. His exhibits indicate, however, that a mental health professional imposed the suicide watch precautions for McKreith's safety. Thus, the court finds no indication that these precautions were caused by the BOP negligence or misconduct about which McKreith has complained. Moreover, McKreith

fails to present any physical injury or permanent property loss he suffered from being temporarily confined under suicide precautions.[3]

III.

In conclusion, for the reasons stated, the court will grant the United States' motion to dismiss.  Because McKreith has not alleged any personal physical injury caused by federal employees' negligence or misconduct, and cannot recover for property detention or loss, his FTCA action must be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2680(c).  An appropriate order will enter herewith.

The clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff and to counsel of record for the defendant.

**ENTER**:  This   14th   day of July, 2020.

Senior United States District Judge

---

[3] The defendant does not directly address McKreith's allegation that he suffered a loss of property.  Even if McKreith had identified particular property items that were lost due to BOP employees' negligence, which he has not done, such losses fall within a separate exception to the FTCA waiver of liability for the United States.  See 28 U.S.C.     § 2680(c) (providing that FTCA does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer.").  This exclusion applies to all law enforcement officers, including BOP officers, Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228 (2008), and to all claims "arising out of a detention of property."  Kosak v. United States, 465 U.S. 848, 854 (1984).